IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KYENAN HARDEN MORALES ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> City of Chicago, Chicago Police Officers ) <br> Stefany Solis, Star No. 8246, J. Rivera, ) <br> Star No. 14101, Albert Jacenik, Star No. ) <br> 14521, Abraham Lara, Star No. 19429, D. ) <br> Fernandez, Star No. 3486, J.A. Tracz, Star ) <br> No. 5708, Hayley Delude, Star No. 7884, ) <br> and Esteban Trujillo, Star No. 9240, ) <br> ) <br> Defendants. | Case No.: 21-cv-4058 <br><br> COMPLAINT FOR VIOLATION OF CIVIL RIGHTS <br><br> **JURY DEMANDED** |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331 and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Plaintiff Kyenan Harden Morales ("Harden Morales") was within the jurisdiction of this court.

4. At all times herein mentioned, Chicago Police Officer Stefany Solis, Star No. 8246 ("Solis") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

5. At all times herein mentioned, Chicago Police Officer J. Rivera, Star No.14101 ("Rivera") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

6. At all times herein mentioned, Chicago Police Officer Albert Jacenik, Star No. 14521 ("Jacenik") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

7. At all times herein mentioned, Chicago Police Officer Abraham Lara, Star No. 19429 ("Lara") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

8. At all times herein mentioned, Chicago Police Officer D. Fernandez, Star No. 3486 ("Fernandez") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

9. At all times herein mentioned, Chicago Police Officer J.A. Tracz, Star No. 5708 ("Tracz") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

10. At all times herein mentioned, Chicago Police Officer Hayley Delude, Star No. 7884 ("Delude") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

11. At all times herein mentioned, Chicago Police Officer Esteban Trujillo, Star No. 9240 ("Trujillo") was employed by the Chicago Police Department and was acting under color of state law and as the employee, agent, or representative of the Chicago Police Department. This Defendant is being sued in their individual capacity.

12. At all times herein mentioned, the City of Chicago was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

13. On or about November 21, 2019, Plaintiff was lawfully located near 3750 W. Huron St., City of Chicago, County of Cook, State of Illinois.

14. On that day and place Defendants Solis, Rivera, Jacenik, Lara, Fernandez, Tracz, Delude, and Trujillo did not possess a warrant to arrest Plaintiff.

15. On that day and place Defendants Solis, Rivera, Jacenik, Lara, Fernandez, Tracz, Delude, and Trujillo seized Plaintiff.

16. On that day and place Solis, Rivera, Jacenik, Lara, Fernandez, Tracz, Delude, and Trujillo did not possess legal cause to seize Plaintiff

17. After his seizure Plaintiff was subjected to a custodial arrest by Solis, Rivera, Jacenik, Lara, Fernandez, Tracz, Delude, and Trujillo. None of these defendants witnessed Plaintiff

3

commit any crime and did not take any action to prevent Plaintiff from being arrested despite the fact that no one witnessed him commit a crime.

18. Defendants Solis, Rivera, Jacenik, Lara, Fernandez, Tracz, Delude, and Trujillo did not possess legal cause to subject Plaintiff to custodial arrest.

19. After his custodial arrest Defendant Solis caused Plaintiff to be charged with unlawful use of a weapon by signing a felony criminal complaint against Plaintiff.

20. Defendant Solis did not possess probable cause to reasonably believe that Plaintiff had committed the crime of Unlawful Use of a Weapon.

21. Defendant Solis then falsely informed attorneys with the Cook County State's Attorney's Office that Plaintiff fit the description of a complaining witness and falsely claimed that she personally witnessed Plaintiff place an object on the ground near where Plaintiff was arrested. These false statements induced the Cook County State's Attorney's office to seek and obtain a grand jury indictment of Plaintiff on four (4) felony charges using Solis as a witness where she repeated these false statements to the grand jury.

22. Plaintiff did not fit the description provided to police by the complaining witness and Solis never saw Plaintiff place anything on the ground near where he was arrested. Solis never saw Plaintiff in possession of a gun or commit any of the felonies charged against Plaintiff, and Plaintiff never committed these felonies.

23. Plaintiff appeared in court to defend himself against the felony charges that were initiated and/or continued by the false statements of Defendant Solis.

24. On or about February 9, 2021, the Cook County State's Attorney's Office voluntarily dismissed all charges against Plaintiff.

4

25. Plaintiff was held in the custody of the Cook County Jail from the date of his arrest until all charges were dismissed on February 9, 2021.

26. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

27. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

28. By reason of the above-described acts and omissions of Defendants Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**
**Plaintiff against Defendants Solis, Rivera, Jacenik, Lara, Fernandez, Tracz, Delude, and Trujillo for**
**UNREASONABLE SEIZURE**

29. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

30. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments of the Constitution of the United States and laws enacted thereunder.

31. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) Defendants caused the seizure of Plaintiff's person without any legal cause. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

### COUNT II
### Plaintiff against Defendant Solis for
### UNREASONABLE PRETRIAL DETENTION

32. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully set forth at this place.

33. Defendant Solis caused Plaintiff to be subjected to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

34. Defendant Solis did not have probable cause to believe Plaintiff had committed the felony alleged in the criminal complaint that she signed or reason to falsely inform the Cook County State's Attorney's Office that she witnessed Plaintiff place an object on the ground near where he was arrested.

35. Defendant Solis knew that Plaintiff's arrest, detention, and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed unlawful use of a weapon or other felonies related to illegal possession of a firearm.

36. The criminal charges Solis caused to be initiated against Plaintiff terminated in Plaintiff's favor when they were voluntarily dismissed on December 27, 2019.

37. As a result of the foregoing, Plaintiff has sustained damage related to being falsely charged with multiple felonies and held in custody from November 21, 2019, to until February 9, 2021.

38. By reason of Solis' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

39. The arbitrary intrusion by Solis, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Solis violated Plaintiff's rights in the following manner: (1) Causing Plaintiff to be subjected to pretrial detention that restrained his liberty, without any probable cause for the detention, was in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendant Solis is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### Plaintiffs Against Solis and the City of Chicago For
### MALICIOUS PROSECUTION

40. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-eight (28) hereat as though fully alleged at this place.

41. Defendant Solis, who was employed by the City of Chicago, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff falsely alleging that she witnessed him illegally possess a firearm resulting in four (4) felony charges.

42. Defendant Solis caused Plaintiff to be subjected to a criminal prosecution for felony charges based upon illegal possession of a firearm.

43. Plaintiff did not illegally possess a firearm or otherwise commit any of the four (4) felony charges for which he was prosecuted.

44. Defendant Solis did not have any forensic or physical evidence indicating Plaintiff committed any of the four (4) felony charges for which he was prosecuted.

45. Defendant Solis did not have reliable information from any witness indicating Plaintiff committed four (4) felony charges for which he was prosecuted.

46. Defendant Solis falsely reported that Plaintiff fit the description of a complaining witness and falsely claimed that she personally witnessed Plaintiff place an object on the ground near where Plaintiff was arrested. These false statements induced the Cook County State's Attorney's office to seek and obtain a grand jury indictment of Plaintiff on four (4) felony charges using Solis as a witness where she repeated these false statements to the grand jury.

47. This false information was a proximate cause of Plaintiff being subjected to a criminal prosecution as it was relied upon by the Cook County State's Attorney in the decision to commence and continue the prosecution of Plaintiff.

48. Defendant Solis knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to conclude Plaintiff had committed the felonies for which he was charged.

49. The criminal charges Defendant Solis proximately caused to be initiated against Plaintiff terminated in Plaintiff's favor when they were voluntarily dismissed on February 9, 2021.

50. The dismissal of the charges against Plaintiff was not the result of a plea negotiation, agreement, or compromise between Plaintiff and the Cook County State's Attorney.

51. As a result of Defendant Solis causing these baseless legal proceedings Plaintiff was injured emotionally and otherwise.

52. The City of Chicago is liable to Plaintiff for the acts of Defendant Solis pursuant to the doctrine of *respondeat superior*.

8

53. Therefore, Defendant Solis, and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, Ltd. requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorney's fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiffs have such other and further relief as this Court may deem just and proper.

BY: s/Garrett Browne

ED FOX & ASSOCIATES, Ltd.
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                        BY:    s/Garrett Browne

                                  ED FOX & ASSOCIATES, Ltd.
                                  Attorneys for Plaintiff
                                  300 West Adams
                                  Suite 330
                                  Chicago, Illinois 60606
                                  (312) 345-8877
                                  gbrowne@efoxlaw.com